UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$5,000.00 IN FUNDS SEIZED FROM
NAVY FEDERAL CREDIT UNION
ACCOUNT ENDING 8973,

$100,000.00 IN FUNDS SEIZED FROM
NAVY FEDERAL CREDIT UNION
ACCOUNT ENDING 6678,

$69,075.85 IN FUNDS SEIZED FROM
FIRST FOUNDATION BANK
ACCOUNT ENDING 1328, and

$2,500.00 IN FUNDS SEIZED FROM
FIRST FOUNDATION BANK
ACCOUNT ENDING 1354,

    Defendants.
_____/

Case No. 1:22-cv-255

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action for forfeiture *in rem* brought by the United States of America (the "government"). This matter is now before the Court on the government's Motion to strike the claim of Mohamed Abourched (ECF No. 6).

**I.     Discussion**

On March 18, 2022, the government filed its Verified Complaint for Forfeiture *in Rem* (ECF No. 1), which sought the forfeiture of four groups of property: $5,000.00 in funds seized from Navy Federal Credit Union Account ending in 8973 held in the names of Mohamed and

Kateryna Abourched; $100,000.00 in funds seized from Navy Federal Credit Union Account ending in 6678 held in the names of Mohamed and Kateryna Abourched; $69,075.85 in funds seized from First Foundation Bank Account ending in 1328 held in the name of MSM Luxury Estates; and $2,500.00 in funds seized from First Foundation Bank Account ending in 1354 held in the name of MSM Luxury Estates.  Compl. at PageID.2.

Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure ("Supplemental Rules") sets out a procedure by which "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." *See* Rule G(5)(a)(i), (ii) and (iii).  On May 9, 2022, Mohamed Abourched of Beverly Hills, California, filed a "Seized Asset Claim Form" (ECF No. 5), in which he claimed an interest in three of the items subject to forfeiture:

1. $5,000 in funds seized from Navy Federal Credit Union Account ending in 8973

2. $2,500 in funds seized from First Foundation Bank Account ending in 1328

3. $69,075.85 in funds seized from First Foundation Bank Account ending in 1328

Claim Form at PageID.43.  Abourched identified his interest in the items as follows:

> These funds were lawfully obtained funds through my (and my wife's) lawful business dealings.

*Id*.

For purposes of this motion, the Court will assume that Abourched filed his claim in accordance with the Supplemental Rule G(5)(a).  After filing his claim, Abourched was required to file an answer to the forfeiture complaint as required by Rule G(5)(b) which provides as follows:

2

>  **Answer**.  A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim.  A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

Rule G(5)(b).

Abourched's answer was due by no later than May 31, 2022.  However, the record reflects that Abourched never filed an answer or any other response to the government's complaint.

In its present motion, the government seeks to strike Abourched's claim because he failed to file an answer.  The government further states that there are no other claims pending and that it intends to seek default judgment if the motion to strike is granted.

Rule G(8)(c) ("Motion to Strike a Claim or Answer") provides that:

> (i) At any time before the trial, the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or  (B) because the claimant lacks standing.

The rules further provide that a motion to strike:

> (A) must be decided before any motion by the claimant to dismiss the action; and (B) may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.

Rule G(5)(c)(ii).

Here, the government's motion to strike should be granted because Abourched has failed to follow the procedure for contesting a forfeiture. Abourched was aware of the forfeiture proceeding.  He took the first step to contest the forfeiture by filing a claim on May 9, 2022. However, he failed to file an answer or other response within 21 days as required by Rule G(5)(b). "[The Sixth Circuit] has repeatedly held that potential claimants must strictly comply with Rule G in order to have statutory standing to challenge a forfeiture action." *United States v. One 2011 Porsche Panamera*, 684 Fed. Appx. 501, 506 (6th Cir. 2017). *See also*, *United States v. $12,126.00*

*in U.S. Currency*, 337 Fed. Appx. 818, 820 (11th Cir. 2009) ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."). Accordingly, the government's motion to strike Abourched's claim should be granted.

## II.    Recommendation

For all of these reasons, I respectfully recommend that plaintiff United States of America's motion to strike the claim of Mohamed Abourched (ECF No. 6) be **GRANTED**.

Dated:  June 1, 2023                             /s/ Ray Kent
                                                 RAY KENT
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).